UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SETTHREY S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-5581-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's October 2025 decision finding her not disabled. She contends the ALJ misevaluated the medical opinion evidence and her testimony. Dkt. 10 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case for further administrative proceedings.

## BACKGROUND

Plaintiff applied for benefits on August 30, 2021, alleged an onset of May 11, 2011, and later amended onset to August 30, 2021. Tr. 17. ALJ David Johnson held a hearing in December 2023 and issued a decision finding Plaintiff not disabled. Tr. 146-66. The Appeals Council remanded the case for a supplemental hearing, Tr. 174-75, the ALJ held a supplemental hearing in September 2025 and again issued a decision finding Plaintiff not disabled. Tr. 17-39. As the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision. Tr. 1-3.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

> **Step one:** Plaintiff has not engaged in substantial gainful activity since August 30, 2021, the application date.
>
> **Step two:** Plaintiff severe impairments are: obesity, arthritis, headaches, major depressive disorder, PTSD, and generalized anxiety disorder.
>
> **Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity:** Plaintiff can perform light work not demanding more than occasional crawling or climbing of ladders, ropes, or scaffolds; does not require more than frequent balancing, stooping, kneeling, crouching, or climbing of ramps or stairs; does not require concentrated exposure to vibrations, hazards, or extreme cold; and that allows the worker to be off-task up to 10% of the workday.
>
> **Step four:** Plaintiff has no past relevant work.
>
> **Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 19-22, 37.

## DISCUSSION

### A. Medical Evidence

The ALJ considers the persuasiveness of medical opinions using five factors; supportability and consistency are the critical factors. 20 C.F.R. §§ 416.920c(b)(2), (c). While ALJs must explain how they considered supportability and consistency, they need not explain how the other factors were considered. *Id.* Supportability concerns how a medical source supports their opinion with relevant medical evidence; consistency concerns whether a medical

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Pt. 404, Subpt. P, App'x 1.

opinion is consistent with other evidence from medical and non-medical sources. *Woods v. Kijakazi,* 32 F.4th 785, 791-92 (9th Cir. 2022).

An ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.* at 792. Conclusions alone are insufficient – "an ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)).

**1. Susan Burke, Psy.D.**

Dr. Burke examined Plaintiff in September 2023 and opined she was unable to accurately assess Plaintiff's abilities due to possible malingering. Tr. 959-63. She diagnosed Plaintiff with malingering, rule out, noting Plaintiff's M-FAST[3] total score of 16 was significantly elevated indicating Plaintiff may have malingered psychiatric symptoms and that a more extensive malingering assessment was warranted. Tr. 959, 961. To the extent the ALJ relied upon "malingering" to find Plaintiff not disabled, the ALJ erred. Dr. Burke opined Plaintiff might be malingering, and more extensive testing was needed to determine if Plaintiff is malingering. Substantial evidence thus does not support a finding of malingering.

The ALJ found Dr. Burke's opinion persuasive, noting that it was supported by her examination findings including atypical hallucination reports and a notable change in behavior during the mental status exam (MSE). Tr. 30-31. The ALJ erred. First Dr. Burke indicated she

[3] The Miller Forensic Assessment of Symptoms Test screens for probable feigned psychiatric illness and covers seven areas: (1) comparison of symptoms reported with symptoms observed; (2) presence of extreme symptoms not ordinarily associated with the psychiatric illness; (3) presence of inappropriate combinations of symptoms; (4) presence of inappropriate hallucinations; (5) an inappropriate course of symptoms; (6) a negative image; and (7) symptom suggestibility. MEDDESK § 18:10, Attorneys Medical Deskbook 4th, List of mental health rating scales, Dan J. Tennenhouse, M.D., JD, FLCM (2026).

was unable to accurately assess Plaintiff; the doctor thus did not provide an opinion upon which the ALJ could reasonably rely in finding Plaintiff not disabled. Second, substantial evidence does not support the ALJ's finding that Dr. Burke correctly found Plaintiff's presentation on examination involved a notable change from past examinations. The doctor stated Plaintiff "had tremendous difficulty understanding the directions which was a notable change from her earlier behavior," Tr. 963, and noted "[d]uring the MSE only, [Plaintiff] appeared to have tremendous difficulty understanding the questions or instructions." Tr. 962. The ALJ thus focused on how Dr. Burke's opinion was inconsistent with past normal MSE results. Tr. 30.

Most of Plaintiff's past MSEs were entirely normal, in contrast to Dr. Burke's MSE findings which indicated Plaintiff's perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment were not normal. *Compare* Tr. 765, 822, 1020 *and* Tr. 963. But the medical record created at the time of the past MSEs show Plaintiff has had significant mental health deficits. For instance, while the March 4, 2022 MSE noted at Tr. 765, is generally normal, Plaintiff's PHQ-9 scores from March 14, 2022 were abnormal as to interest in doing things, feeling depressed or hopeless, trouble with sleep, lacking in energy, trouble with concentration, and difficulty with performing any work, take care and interact with others. Tr. 763. Plaintiff's medical record further noted between October 21, 2021 and March 14, 2022, Plaintiff suffered a wide variety of symptoms regarding feeing anxious, worrying, having trouble relaxing, becoming annoyed and fearful and having difficulty with activities ranging from minimal to severe Tr. 763-764. Thus, the record does not support Dr. Burke's opinion that Plaintiff presentation on examination was inconsistent with her presentation at past examinations. Further Dr. Burke stated "it would be helpful to review this client's medical, treatment and DOC records both to obtain more complete information and to corroborate

findings in this evaluation" indicating the doctor was not definitively finding Plaintiff's presentation was inconsistent with the record. The Court according finds the ALJ misevaluated Dr. Burke's opinion, and the opinion must be reassessed on remand.

**1. Terilee Wingate, Ph.D.**

Dr. Wingate evaluated Plaintiff in August 2021 and opined Plaintiff was markedly limited in her abilities to learn new tasks; maintain appropriate behavior in a work setting; set realistic goals and plan independently; complete a normal workday and work week without interruptions from psychologically based symptoms; and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. Tr. 534-45. The ALJ found Dr. Wingate's opinion unpersuasive on supportability and consistency grounds. Tr. 31.

The ALJ found Dr. Wingate did not provide support for the degree of limitation opined. Tr. 31. Dr. Wingate's opinion includes a mental status examination, a clinical interview, and clinical findings regarding Plaintiff's symptoms. Tr. 532-36. To the extent the ALJ rejected Dr. Wingate's opinion for not providing a narrative explanation next to each limitation, the ALJ erred. *See Donald O. v. Saul,* 2020 WL 6561610, at *3 (W.D. Wash. Nov. 9, 2020) (finding the ALJ unreasonably characterized an opinion as unexplained when the opinion, read as a whole, explained the doctor's basis for the opined limitations).

The ALJ also found the marked limitations were not supported by Dr. Wingate's examination, noting Plaintiff's attitude and behavior were pleasant and friendly, her speech was logical and linear, and she displayed normal thought process and content, orientation, and concentration. Tr. 31 (citing Tr. 535-36). But the ALJ selectively focused on these normal findings while ignoring other portions of Dr. Wingate's exam. The MSE also revealed Plaintiff

had a dysphoric mood and blunted affect, and her perception, memory, fund of knowledge, abstract thought, and insight and judgment were not within normal limits. Tr. 536. Further, Dr. Wingate's clinical findings indicate Plaintiff experiences auditory hallucinations when not taking medication, feels sad all the time, and is anxious in public places. Tr. 533-34. Dr. Wingate also noted Plaintiff appeared to have attention and memory problems and recommended additional testing. Tr. 535. The ALJ failed to acknowledge this evidence supporting Dr. Wingate's opinion and accordingly erred. *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984) (finding the ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result.").

Regarding consistency, the ALJ erred in relying upon Plaintiff's normal MSE findings. As noted above, the normal MSE findings do not provide a complete and accurate picture of Plaintiff's medical record which indicated significant deficits. Additionally, to the extent the ALJ relied upon Dr. Burke's opinion Plaintiff was possibly malingering, Tr. 31, the ALJ erred. As noted above, Dr. Burke recommended additional testing and thus did not find Plaintiff was in fact malingering. Additionally, the ALJ failed to explain how Dr. Wingate's observations and independent findings were undermined by the suspected malingering and the Court finds any assumption that Plaintiff may have malingered in one exam is not substantial evidence Plaintiff must be malingering in another exam. *Louis v. Colvin*, 2016 WL 7325198, at *4 (W.D. Wash. Dec. 16, 2016). The ALJ's reasoning here is speculative and unsupported by substantial evidence. Accordingly, the Court finds the ALJ erred in discounting Dr. Wingate's opinion.

**1. James Parker, M.D.**

Dr. Parker evaluated Plaintiff in April 2022 and opined Plaintiff would have difficulty with detailed and complex tasks based on lapses of concentration and perhaps below average

intelligence, Tr. 605; Plaintiff would also have difficulty dealing with stress, maintaining regular attendance, and completing work activities on a consistent basis because of her depression and PTSD, *id.*; and Plaintiff would not have difficulty with simple repetitive tasks, accepting instructions from supervisors, or interacting with coworkers. *Id.* The ALJ found Dr. Parker's opinion unpersuasive finding it unsupported and inconsistent with the record. Tr. 34.

The ALJ discounted Dr. Parker's opinion as unsupported because the doctor's examination showed Plaintiff was polite with good eye contact, could complete a 3-step command, and had a linear and goal-directed stream of thought. Tr. 34. As with Dr. Wingate's opinion, the ALJ ignored abnormal findings from Dr. Parker's exam which supported the assessed limitations. Dr. Parker noted Plaintiff lost track during the interview and appeared somewhat "spacey" and slow in processing at times. Tr. 603-04. She was unable to complete serial sevens, made mistakes in completing serial threes, could not recall any of three objects after a five-minute delay, and could not identify similarities and differences between an apple and an orange or a pen and a pencil. Tr. 604. Dr. Parker noted that Plaintiff's mood was sad, her affect was constricted in range, and that she appeared to have a below-average level of intelligence. *Id.* An ALJ may not simply cherry-pick favorable evidence from an opinion, ignoring that which does not support his conclusion. *See Holohan v. Massanari,* 246 F.3d 1195, 1207 (9th Cir. 2001) (finding that the ALJ erred by selectively relying on normal findings while ignoring evidence "that indicated continued, severe impairment.").

The ALJ repeated the consistency analysis used in rejecting Dr. Wingate's opinion which as discussed above is not supported by substantial evidence. Accordingly, the Court finds the ALJ erred in discounting Dr. Parker's opinion.

**A. Plaintiff's Testimony**

Because the record shows Plaintiff suffers from an impairment or impairments that could reasonably produce the symptoms of which she complains, the ALJ was required to provide clear and convincing reasons to reject Plaintiff's testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008). This standard is inapplicable if there is affirmative evidence a claimant is malingering. *Id.*

The ALJ relied upon Dr. Burke's opinion Plaintiff may possibly be malingering to discount Plaintiff's testimony. Tr. 23. But as noted above, Dr. Burke did not find Plaintiff was malingering and instead recommended further testing be performed to confirm a suspicion. The ALJ thus erred in relying upon malingering to discount Plaintiff's testimony and on remand should expand the record considering Dr. Burke's recommendation.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g) and **REMANDS** the case for further administrative proceedings. On remand, the ALJ shall reassess the opinions of Drs. Wingate, Wingate and Parker, reassess Plaintiff's testimony, develop the record and reassess RFC as needed and proceed to the remaining steps of the disability evaluation process.

DATED this 13th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge